IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 92-2317

---

**SRSB-IV, LTD, ET AL.,**

**Plaintiffs, Counter-Defendants,**
versus

**CONTINENTAL SAVINGS ASSOCIATION, ET AL.,**

**Defendants, Counter Plaintiffs,**
**3rd Party Plaintiffs,**
versus

**GERALD BROWN and BURTON STERMAN,**

**Defendants In Intervention,**
**Appellant,**
versus

**FEDERAL DEPOSIT INSURANCE CORPORATION,**

**Intervenor/Receiver,**
**Appellee.**

-----------------------

Appeal from the United States District court for the
Southern District of Texas
-----------------------

Before **HIGGINBOTHAM, SMITH and DeMOSS, Circuit Judges.**

**PER CURIAM:**

The Federal Deposit Insurance Corporation ("FDIC"), receiver of Mainland Savings Association, as appellee in the above referenced case, has moved the Court to remand the case to the U.S. District Court, in order to permit it to create a better record on appeal regarding the issue as to whether the actions taken by the original creditor in foreclosing on 1,000 shares of stock of a closely held corporation, put up as collateral for the original

indebtedness herein were conducted in a commercially reasonable fashion. Such motion recognizes, inferentially at least, that the Trial Judge's determination that the burden of proof was on the guarantors ("appellants" herein) to prove that the foreclosure process was <u>not</u> commercially reasonable, was erroneous in light of the holding of the Supreme Court of Texas in <u>Greathouse v. Charter National Bank-Southwest</u>, 35 Tex. Sup. Ct. J. 1017 (July 1992) which was handed down some five months after the Trial Court's ruling in the present case. The appellants, hoping that they had found a bird's nest on the ground, opposed the motion to remand and call on us to reverse the Trial Court's Judgment and render judgment in their favor relying on a recent decision of another panel of this Court in <u>Federal Deposit Insurance Corporation v. Payne</u>, 973 F.2d 403 (Sept. 1992). We believe, however, that <u>Payne</u> is factually distinguishable from the present case. In <u>Payne</u>, the FDIC neither specially pleaded the commercial reasonableness of the disposition of the diamond ring, nor generally pleaded that all requirements for the effective disposition of collateral had been met; and there was no notice of any kind to the debtor regarding the sale of the diamond ring. Whereas, in the instant case, there were pleadings on both sides of the issue and evidence of some actual notice to the debtor, but the dispute was as to the "reasonableness or not" of such notice.

Accordingly, we **REVERSE** the final judgment entered by the Trial Court in this cause under date of March 2, 1992, (including all interlocutory and preliminary judgments on liability and/or

damages upon which the final judgment rests) and **REMAND** this case to the Trial Court for a new trial in accordance with the pleading and proof requirements established by the Supreme Court of Texas in <u>Greathouse</u>.

All other motions of either party are **DENIED** as moot.